IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SYLVIA SMITH, § | |
| § | |
| Plaintiff § | |
| § | |
| VS. § | C.A. NO. _____ |
| § | |
| WALGREENS CO., § | |
| § | |
| Defendant § | |

## NOTICE OF REMOVAL

Defendant Walgreens Co. files this Notice of Removal pursuant to 28 U.S.C.§ 1446(a):

## PROCEDURAL BACKGROUND

1. On or about October 26, 2016, Plaintiff filed her Original Petition in the lawsuit styled Cause No. 16-10-12485; *Sylvia Smith vs. Walgreen Co.*; In the 284th Judicial District Court Montgomery County.

2. On November 7, 2016, Defendant was served with the Citation and Original Petition in the state court cause of action. Thus, this Notice of Removal is filed within the thirty-day statutory time period for removal. 28 U.S.C. § 1446(b).

## BASIS FOR REMOVAL

3. This court has jurisdiction over this matter under 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between Plaintiff and Defendant and more than $75,000, exclusive of interests and costs, is at stake.

4. Plaintiff alleges that she is a citizen and resident of the State of Texas and Montgomery County. Defendant is an Illinois corporation with its principal place of business in Illinois. Therefore, there is complete diversity between Plaintiff and Defendant in this action.

5. Plaintiff, in her state court petition, claims that she is seeking damages exceeding $200,000.00 but less than $1,000,000.00. Thus, well over $75,000.00 is in controversy and the jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied.

## THE REMOVAL IS PROCEDURALLY CORRECT

6.. On October 26, 2016, Plaintiff filed this lawsuit and Defendant was subsequently served with a copy of a citation and the Original Petition on November 7, 2016. Thus, this Notice of Removal is filed within the thirty-day statutory time period for removal. 28 U.S.C.§ 1446(b).

7. Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rose to the Plaintiff's claims allegedly occurred in this district.

8.     Pursuant to 28 U.S.C § 1446(a), Defendant has attached copies of all pleadings filed in the case.  The state court in which the case was filed does not utilize a paper docket sheet.  Therefore, Defendant has attached copies of the state District Clerk website's Judgments/Events screens pertaining to the case. Pursuant to Local Rule 81, an Index of Documents Being Filed, including a List of All Parties and Counsel of record and pleadings in the state court action and a Civil Cover Sheet is attached.

9.     Pursuant to 28 U.S.C. § 1446(d), written notice of the removal will be given to all other parties to the suit.

10.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this notice of removal will be filed with the clerk of the state court in which this action is pending.

11.    All Defendants consent to the removal of this action.

       THEREFORE, Defendant, Walgreens Co. requests that the Honorable Court take notice of the removal of the above-reference state court action to In the United States District Court for the Southern District of Texas Houston Division.

Respectfully submitted,

By: /s/ Phil Griffis
PHIL GRIFFIS
State Bar No. 08476400
Federal No. 10528
pgriffis@griffislawfirm.com
1322 Space Park Drive, Suite A248
Houston, Texas 77058
Telephone: (832) 284-4013
Telecopier: (713) 493-7253
ATTORNEY FOR WALGREENS CO.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record, pursuant to the Federal Rules of Civil Procedure, via electronic service (ECF), on this the 5th day of December, 2016.

Via Facsimile #936-441-0106
Mark D. Haas
HAAS Law Firm
209 Simonton
Conroe, Texas 77301

/s/ Phil Griffis
PHIL GRIFFIS

4